UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENDAL PITTS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:24-cv-00391-JPH-TAB |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Kendal Pitts' petition for a writ of habeas corpus seeks relief from his conviction and sanctions in prison disciplinary case NCF 23-12-01469. For the following reasons, his petition is denied, and this action is dismissed with prejudice.

### I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass.*

*Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

On November 30, 2023, while going through Mr. Pitts' legal papers, Sgt. K. Martin found two photographs that showed nudity and body penetration. Dkt. 7-1; dkt. 8 (*ex parte*). Mr. Pitts was charged with violating code B-246, possession of offensive material. *Id.* Code B-246 prohibits:

> Unauthorized possession and/or display of any symbol, paraphernalia, photograph or any other item which is prohibited by Department of Correction policies, procedures or rules or which is offensive based upon an individual's gender, race, religion, ethnic or personal background or which may intimidate another person based upon their gender, race, religion, ethnic or personal background.

Dkt. 7-11.

Prison staff issued a screening report on December 1, 2023, notifying Mr. Pitts of the charge and advising him in writing of his rights. Dkt. 7-4. He was given a copy of the conduct report and screening report on that date. *Id.* He pleaded not guilty and did not request any witness or physical evidence. *Id.*

The disciplinary hearing officer (DHO) held a hearing on December 4, 2023. Dkt. 7-6. At the hearing, Mr. Pitts told the DHO that he had possessed the materials at another facility and that there was no issue there. *Id.* He also submitted a written statement citing an Indiana statute and Indiana Department of Correction (IDOC) policy, arguing that he had a right to possess photographs of nude women. *Id.* at 2. Based on the conduct report, the photographs, and Mr. Pitts' statement, the DHO found Mr. Pitts guilty and imposed a 90-day

deprivation of earned credit time. *Id.* On review by a supervisor, the credit-time deprivation was reduced to 60 days. *Id.*

Mr. Pitts' appeals were denied, and this habeas action followed.

### III. Discussion

Mr. Pitts' only claim is that there was no evidence to support the charge. He argues that the possession of photographs of nude women is not prohibited under Indiana law.

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (same).

The "'some evidence' standard" is "a 'meager threshold.'" *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 939). Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Id.* This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

3

Code 246, possession of offensive material, prohibits the possession of any photograph which is prohibited by IDOC policies. Dkt. 7-11 at 7. Contrary to Mr. Pitts' argument, IDOC policy prohibits "any printed material that features nudity" and "sexually explicit materials." Dkt. 7-3 at 25-26. The term "sexually explicit" is defined as "a pictorial depiction of actual or simulated sex acts including sexual intercourse, oral sex, or masturbation." *Id.* at 25.

Mr. Pitts does not dispute that he possessed the photographs. Mr. Pitts' description of the photographs as simply "nude women" is disingenuous. In fact, in one photograph, only the woman's top half is shown, and she is wearing a top. Dkt. 8 at 2 (*ex parte*). What Mr. Pitts fails to acknowledge is that the photographs graphically depict sexual acts. *Id.* at 1-2. (*ex parte*). The conduct report and the photographs themselves constitute sufficient evidence to support the charge. Mr. Pitts possessed offensive, sexually explicit, photographs. There was no due process error in this regard.

To the extent Mr. Pitts further argues that the conduct report violated IDOC policy, this does not state a cognizable claim for habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Keller v. Donahue,* 2008 WL 822255, 271 Fed. Appx. 531, 532 (7th Cir. Mar. 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations.").

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff*, 418 U.S. at 558.  There was no arbitrary

4

action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Pitts to the relief he seeks. Accordingly, Mr. Pitts' petition for a writ of habeas corpus must be **denied.** Judgment consistent with this Order shall now issue.

    **The clerk is directed** to modify the docket to reflect Mr. Pitts' current address at the Indiana State Prison.

**SO ORDERED.**

Date: 12/16/2025

                                                 James Patrick Hanlon
                                                 United States District Judge
                                                 Southern District of Indiana

Distribution:

KENDAL PITTS
174824
ISP - CF
INDIANA STATE PRISON - Inmate Mail/Parcels
1 Park Row Street
Michigan City, IN 46360

David A. Arthur
INDIANA ATTORNEY GENERAL
David.Arthur@atg.in.gov